■ In the Matter of Jesus Sarabia, Appellant, v Jennifer Sarabia, Respondent. [10 NYS3d 900]—

Appeals from four orders of the Family Court, Kings County (Leticia Ramirez, J.), each dated May 15, 2014. The orders, in effect, upon a prior order of that court dated March 3, 2014, denying the father's motion, in effect, pursuant to CPLR 2221 (e) to vacate a prior order of that court dated January 28, 2014, directing service by publication upon the mother pursuant to CPLR 316 (a), dismissed the father's four petitions, respectively, alleging a family offense against the mother, seeking custody of the parties' son, seeking a writ of habeas corpus against the mother, and alleging that the mother violated an order of visitation, on the ground that the petitions were not served upon the mother by publication pursuant to CPLR 316 (a).

Ordered that the four orders dated May 15, 2014, are reversed, on the facts and in the exercise of discretion, without costs or disbursements, the father's motion, in effect, pursuant

to CPLR 2221 (a) to vacate the order dated January 28, 2014, is granted, the order dated March 3, 2014, is modified accordingly, the petitions are reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings on the petitions.

Under the circumstances of this case, it was an improvident exercise of discretion for the Family Court to direct duplicate service by publication pursuant to CPLR 316 (a) in the manner complained of by the father. Service upon the mother of the father's petition seeking custody of the parties' son, Jayden, and his petition for a writ of habeas corpus against her was admitted by the mother in open court while the matter was before Judge Gruebel. Thus, those petitions were properly served and did not require additional service by publication. In addition, the family offense petition and the petition alleging that the mother violated an order of visitation were properly served upon the mother by the clerk of the Family Court pursuant to the mother's instructions set forth in her address confidentiality affidavit, filed with the Family Court pursuant to Family Court Act § 154-b (2) (c). Accordingly, the subject petitions should not have been dismissed on the ground that they were not served by publication. Therefore, we reinstate the petitions and remit the matter to the Family Court, Kings County, for further proceedings on the petitions. Mastro, J.P., Leventhal, Roman and Miller, JJ., concur.